IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAWNA KEISER, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　　　　v.<br><br>ELEMENT TV COMPANY, LP and WALMART INC.,<br><br>　　　　Defendants. | No. |

## NOTICE OF REMOVAL

Defendant Walmart Inc. ("Walmart") ( "Defendant") hereby removes to this Court the action originally commenced on July 15, 2022, in the Circuit Court of Illinois for the County of Cook, County Department, Chancery Division, entitled *Keiser v. Element TV Company, LP et al.*, No. 2022CH06846 ("Circuit Court Action"). This removal is made pursuant to 28 U.S.C. §§ 1332(a), 1332(d), 1441, 1446, and 1453.

Pursuant to 28 U.S.C. § 1446(a), a "copy of all process, pleadings, and orders served upon . . . defendants" in the Circuit Court Action is attached as **Exhibit A**. A copy of the Circuit Court Action Complaint is attached as **Exhibit B**.

**I.　STATEMENT OF THE CASE**

This is a civil action asserting claims under the federal Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.*, for which this Court has original jurisdiction under 28 U.S.C. § 1332, and which may be removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446 and 1453.

Plaintiff asserts two claims under the MMWA. **Ex. B**, Compl. ¶¶ 79–95.[1] First, Plaintiff alleges that product warranties provided by Defendants Walmart and Element TV Company, LP's ("Element") (collectively, "Defendants") "lead consumers to believe that third-party repair will void the warranty," which Plaintiff asserts is "forbidden" under the anti-tying provisions of the MMWA. *Id.* ¶¶ 36, 38. Second, Plaintiff alleges Defendant Walmart fails to "display product warranties in close proximity to the relevant product, or else place signs reasonably calculated to elicit the prospective buyer's attention, in prominent locations in the store or department, advising consumers of the availability of warranties upon request," which Plaintiff alleges is a violation of the pre-sale availability provisions of the MMWA. *Id.* ¶ 94.

Plaintiff brings this action as a putative class action on behalf of "[a]ll citizens of Illinois who owned a product subject to Defendants' Warranty at any point from one year prior to the date of the filing of this Complaint through the date of class certification" and "[a]ll citizens of Illinois who purchased one or more products from Defendant Walmart that cost over $15 and that were subject to a written warranty." *Id.* ¶ 70.

Plaintiff allegedly purchased an onn. brand television manufactured by Element (the "Product") from Walmart on or about March 2022. *Id.* ¶ 64. Plaintiff alleges the Product was and is covered by a warranty. *Id.* Plaintiff alleges "Walmart did not display product warranties in close proximity to the Product; nor did Walmart place signs reasonably calculated to elicit Plaintiff's attention, in prominent locations in the store or department, advising Plaintiff of the availability of warranties upon request." *Id.* ¶ 63. Plaintiff alleges she "is unable to repair her Product via a third party [sic], independent repair service without purportedly voiding her Warranty." *Id.* ¶ 69.

---

[1] The recitation of Plaintiff's allegations is not a concession that Plaintiff's allegations or legal theories have merit. Defendants reserve the right to assert all applicable defenses in this matter and deny that Plaintiff is entitled to any relief.

Plaintiff seeks declaratory and injunctive relief and attorneys' fees. *Id.* at Prayer for Relief.

## II.  REMOVAL IS PROPER

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) and under the Class Action Fairness Act ("CAFA"), codified in 28 U.S.C. §§ 1332(d), 1453, and 1711–1715. While the MMWA contains a provision conferring federal jurisdiction over certain claims,[2] this Court has held that statutory provision only applies when jurisdiction is invoked on the basis of federal question. *Haslam v. Lefta, Inc.*, 1994 WL 117463, *2 (N.D. Ill. 1994) ("[T]his Court finds that diversity jurisdiction is limited solely by the requirements set forth in § 1332, ***and not by the federal question jurisdictional requirements in the MMWA***.") (emphasis added); *see also Marchionna v. Ford Motor Co.*, No. 94 C 275, 1995 WL 476591, at *8 (N.D. Ill. Aug. 10, 1995) ("The court recognizes that [MMWA]'s jurisdictional limit need not be met if there is an independent basis for federal jurisdiction and removal, such as diversity."). Other courts are in accord.[3]

### A.  Removal is proper under 28 U.S.C. 1332(a).

For diversity jurisdiction to exist, no plaintiff may be a citizen of the same state as any defendant and the amount in controversy must be greater than $75,000. 28 U.S.C. § 1332(a); *Big Shoulders Cap. LLC v. San Luis & Rio Grande R.R., Inc.*, 13 F.4th 560, 571 (7th Cir. 2021).

---

[2] 15 U.S.C. § 2310(d)(3) (limiting federal-question jurisdiction over MMWA claims if: (A) "the amount in controversy of any individual claim is less than the sum or value of $25"; (B) "the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit"; or (C) "the action is brought as a class action, and the number of named plaintiffs is less than one hundred").

[3] *See also Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 F. App'x 480, 482 n.2 (11th Cir. 2005) ("Because we conclude that the district court had diversity jurisdiction, we do not consider whether [jurisdiction under the MMWA] was available."); *Bros. v. Hewlett-Packard Co.*, 2007 WL 485979, at *8 (N.D. Cal. Feb. 12, 2007) ("[I]f a federal court otherwise has jurisdiction over the action, no additional jurisdictional showing is required for the [MMWA] claim"); *Chavis v. Fid. Warranty Servs., Inc.*, 415 F. Supp. 2d 620, 624–25 (D.S.C. 2006) ("[T]he court finds that federal jurisdiction may be appropriate for [MMWA] claims that fail to satisfy the requirements of 15 U.S.C. § 2310(d)(1)(B) if a valid alternative federal jurisdictional basis exists."); *Wetzel v. Am. Motors Corp.*, 693 F. Supp. 246 (E.D. Pa. 1988) (allowing MMWA claim to go forward where requirements of § 1332 were satisfied absent an express statement eliminating diversity jurisdiction over all MMWA claims).

Generally speaking, each individual class member in a class action must satisfy the amount-in-controversy requirement—i.e., aggregation of individual class members' damages is impermissible. *Snyder v. Harris*, 394 U.S. 332 (1969); *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 717 (7th Cir. 2012) ("The general rule is that the claims of multiple litigants cannot be aggregated to reach the jurisdictional amount in controversy."). **However**, when a class seeks injunctive relief, "the test . . . is the cost to each defendant of an injunction running in favor of one plaintiff." *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 652 (7th Cir. 2006) (citations omitted).

1. **Complete diversity of citizenship exists.**

Shawna Keiser is a citizen of Illinois who purports to represent a class of Illinois residents. Compl. ¶¶ 14, 70. Walmart is incorporated in Delaware and has its principal place of business in Arkansas. *See* Declaration of Charles Reed ("Reed Decl.") attached as **Ex. C** ¶ 3. Element is a limited partnership alleged to be headquartered in South Carolina. **Ex. B**, Compl. ¶ 16. Element is organized under the laws of Delaware, and no Element partner is a citizen of Illinois. *See* Declaration of David Baer contemporaneously filed with Defendant Element's Consent to Removal ¶¶ 2–3. Therefore, there is complete diversity.

2. **The amount-in-controversy requirement is satisfied.**

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). The removing party can establish the threshold amount-in-controversy by providing a good faith estimate that is supported by evidence. *Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017); *see also Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006) ("a proponent of federal jurisdiction must, if material factual allegations are contested, prove those

jurisdictional facts by a preponderance of the evidence."). If the removing party is able to meet this burden, then remand is appropriate only if the plaintiff can establish the claim is for less than the requisite amount to a "legal certainty." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006).

Because Plaintiff seeks injunctive relief on a class-wide basis, "the test . . . is the cost to each defendant of an injunction running in favor of one plaintiff." *Synfuel Techs.*, 463 F.3d 646, 652. In *Synefuel*, the Seventh Circuit clarified that when "the changes sought in the complaint could be instituted only on a **systemic basis**," then the change "would cost the same whether it was made for just one customer or every customer served by the company." *Id.* (emphasis added). Here, Plaintiff's Complaint explicitly alleges that "Defendants have acted on grounds generally applicable to Plaintiff and the Classes," and requests "**uniform relief**, including injunctive . . . relief to the Classes." **Ex. B**, Compl. ¶ 78 (emphasis added). Because the Plaintiff seeks "uniform relief" that could only be accomplished by "systemic" changes to Defendants' practices, the entire value of injunctive relief is properly considered.

Defendants deny that they are not in compliance with the MMWA.[4] Nevertheless, accepting Plaintiff's allegations for purposes of determining the amount in controversy, the value of the requested injunctive relief is in excess of $75,000. If injunctive relief as Plaintiff requests is granted, the cost to Walmart for its Illinois stores will exceed $75,000. *See* Declaration of Bill Meeker ("Meeker Decl.") attached as **Ex. D**, ¶ 3 *see also* **Ex. B**, Compl. ¶ 94; 16 C.F.R. § 702.3(a). This cost includes, among other things, the creation and installation of signage and retraining of associates in Walmart's 159 stores in Illinois. *See* **Ex. D**, Meeker Decl. ¶ 3.

---

[4] *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) ("A removing defendant need not 'confess liability in order to show that the controversy exceeds the threshold.'") (quoting *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005)).

Similarly, the cost of the injunctive relief sought as to Element—that Element alter certain terms in the warranty that applies to Products sold in Walmart stores, *see* **Ex. B**, Compl. ¶ 23—would exceed $75,000. *See* Declaration of Vlad Kazhdan contemporaneously filed with Defendant Element's Consent to Removal. Among other things, Element would incur costs related to rolling out a new warranty and providing copies of the warranty with affected Products. *Id.* ¶¶ 2–4.

Based on the relief Plaintiff seeks and the applicable case law, the amount in controversy for the alleged class members' claims exceeds $75,000, exclusive of costs and interest, and the amount-in-controversy requirement for diversity jurisdiction is met.

### B. Removal is proper under CAFA

This Court has jurisdiction pursuant to CAFA under 28 U.S.C. § 1332(d).

Although the MMWA contains jurisdictional language that purports to exclude from federal jurisdiction class actions in which "the number of named plaintiffs is less than one hundred," 15 U.S.C. § 2310(d), courts have repeatedly held that CAFA provides an alternate basis by which federal courts may exercise federal jurisdiction over claims under the MMWA. *See Kuns v. Ford Motor Co.*, 543 F. App'x 572, 575 (6th Cir. 2013) ("We agree that the district court had jurisdiction notwithstanding the MMWA's jurisdictional limitations."); *Van Zeeland v. Rand McNally*, 532 F. Supp. 3d 557, 564 (N.D. Ill. 2021) ("CAFA 'creates an alternative basis for federal jurisdiction over' a MMWA claim, and that a MMWA claim may proceed in a CAFA class action absent one hundred named plaintiffs."); *Stella v. LVMH Perfumes & Cosms. USA, Inc.*, 564 F. Supp. 2d 833, 837 (N.D. Ill. 2008); *Clark v. Wynn's Extended Care*, 2007 WL 922244, at *4–5 (N.D. Ill. Mar. 23, 2007).

Defendants satisfy all jurisdictional requirements under CAFA because this case is a putative class action in which: (1) there are more than 100 members in the proposed putative class;

(2) members of the putative class are citizens of states different than Walmart and Element; and (3) based upon the allegations in the Complaint, the claims of the putative class members exceed the sum or value of $5 million in the aggregate, exclusive of interest and costs. Thus, this Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to 28 U.S.C. § 1332(d)(2).

### 1. Minimal diversity exists.

For the same reasons there is complete diversity, there is minimal diversity. *See* § II(A)(1).

### 2. The class contains more than 100 members.

Plaintiff brings this action as a putative class action on behalf of "[a]ll citizens of Illinois who owned a product subject to Defendants' Warranty at any point from one year prior to the date of the filing of this Complaint through the date of class certification" and "[a]ll citizens of Illinois who purchased one or more products from Defendant Walmart that cost over $15 and that were subject to a written warranty." **Ex. B**, Compl. ¶ 70. Plaintiff alleges "[u]pon information and belief, the Class contains thousands of individuals, at least." *Id.* ¶ 73. Accordingly, the aggregate number of members of the alleged class is well in excess of 100.

### 3. The amount-in-controversy requirement is satisfied.

The proponent of jurisdiction bears the burden of showing the amount in controversy exceeds the jurisdictional minimum, and the standard is "preponderance of the evidence." *Schutte v. Ciox Health, LLC*, 28 F.4th 850, 854 (7th Cir. 2022). For a case to be removable under CAFA, the amount in controversy must exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), (d)(6).

Walmart does not need to *prove* that the amount in controversy is in excess $5 million. Rather, "once the proponent of federal jurisdiction has explained *plausibly* how the stakes exceed $5 million, then the case belongs in federal court unless it is *legally impossible*" for the party to

recover that much. *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) (emphases added). The Notice of Removal "need not contain evidentiary submissions." *Betzner v. Boeing Co.*, 910 F.3d 1010, 1014 (7th Cir. 2018) (citing *Dart Cherokee Basin Operating*, 574 U.S. at 87).

The amount in controversy is calculated by aggregating the claims of the individual class members, including the value of any declaratory or injunctive relief sought. 28 U.S.C. § 1332(d)(6); *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011). In determining the amount in controversy under CAFA, the value of requested injunctive relief is equivalent to the value of the object of the litigation, which may be considered from either the plaintiff's or the defendant's point of view. *See Am. Premier Underwriters, Inc. v. Est. of Chizum*, , 2015 WL 3657715, at *2 (N.D. Ind. June 11, 2015). Any statutory attorneys' fees incurred up until the time of removal also are properly included in determining the jurisdictional amount. *See ABM Sec. Servs., Inc. v. Davis*, 646 F.3d 475, 479 (7th Cir. 2011).[5]

In addition to the value of the injunctive relief discussed in Section II(A)(2), Plaintiff further alleges that she "cares about the substance of product warranties, and the terms of a written warranty would impact Plaintiffs purchasing decision—i.e., one product might be chosen over another if that product had a more expensive warranty" and that her claims are typical of the

---

[5] Defendants recognize that in determining the amount in controversy, the Seventh Circuit permits consideration of attorneys' fees only if incurred by the time of removal. This is a minority view. *See, e.g., Faltermeier v. FCA US LLC*, 899 F.3d 617, 621 (8th Cir. 2018*); Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007); *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018); *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998); *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367–69 (4th Cir. 2013).

Nonetheless, the amount in controversy is over the jurisdictional threshold under either framework. But if the majority approach were followed in this case, claimed fees would be expected to exceed $1,000,000 even on the conservative assumption that Plaintiff's counsel would expend only approximately 1,667 hours litigating this case through judgment. *See Reid v. Unilever United States, Inc.*, 2015 WL 3653318, at *24 (N.D. Ill. June 10, 2015) (2,948.05 hours reasonable even for case that preliminarily settled during motion to dismiss briefing), *aff'd sub nom. Martin v. Reid*, 818 F.3d 302 (7th Cir. 2016); *Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 238 (N.D. Ill. 2016) (1,765.48 hours reasonable even where parties settled in early stages of discovery); *Hale v. State Farm Mut. Auto. Ins. Co.*, 2018 WL 6606079, at *7 (S.D. Ill. Dec. 16, 2018) (55,000 hours reasonable where case settled after trial had begun); *Johnson v. Bd. of Educ. Champaign Cmty. Unit Sch. Dist. #4*, 2011 WL 2160944, at *13 (C.D. Ill. June 1, 2011) ($700,000 in fees reasonable in case that settled after summary judgment).

putative class. **Ex. B**, *Id.* ¶¶ 67, 74. While Plaintiff has not been damaged and does not allege damages, she may not disclaim damages on behalf of the putative class members should they allege to have suffered any because no class has been certified. *Standard Fire Ins. Co v. Knowles*, 133 S. Ct. 1345, 1346 (2013) (holding that "precertification," plaintiff "lacked the authority to concede the amount-in-controversy issue for the absent class members."). Accordingly, members of the putative class who "care[] about the substance of product warranties" and make "purchasing decisions" based on those warranties may seek to recover the price that they paid for the products in question. *Id.* at 1349 ("a damages limitation . . . cannot have a binding effect on the merits of absent class members claims unless and until the class is certified.") (citations omitted).

Although the putative class is not limited to consumers who purchased the Product, Walmart reviewed its records and determined that in the year pre-dating the complaint, it sold thousands of onn. brand televisions in its Illinois stores, having a retail value of $10 million, each television costing more than $15 and subject to a manufacturer's warranty. **Ex. C**, Reed Decl. ¶ 6.

For these reasons, the value of the relief sought is in excess of $5 million.

### III.  ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

#### A.  Timeliness

This action has been removed in accordance with the requirements of 28 U.S.C. § 1446(b). On July 15, 2022, Plaintiff filed a putative class action in the Circuit Court of Cook County, in the State of Illinois, and it was served on Walmart on August 15, 2022. This Notice has been filed timely pursuant to 28 U.S.C. §§ 1446(a) and 1453(b).

#### B.  Venue

Pursuant to 28 U.S.C. section 1446(a), Defendants are filing this Notice of Removal in the United States District Court for the Northern District of Illinois, which is the federal district

encompassing the circuit court where the Circuit Court Action is pending, which is the Circuit Court of the State of Illinois for the County of Cook.

### C. Consent

As evident by Defendant Element's contemporaneously filed consent to removal, all Defendants consent to removal of this action.

### D. Notice

Written notice of the filing of this Notice of Removal will be promptly served upon counsel for Plaintiff. Walmart also will promptly file a copy of this Notice with the Clerk of the Circuit Court of Illinois, County of Cook.

## IV. CONCLUSION

By this Notice of Removal and the associated attachments, Walmart does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. Walmart intends no admission of fact, law or liability by this Notice, and it expressly reserves all defenses, motions and/or pleas.

Dated: September 9, 2022

By: */s/ Ronald Y. Rothstein*
Ronald Y. Rothstein
No. 6225965
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, Illinois 60601
Tel.: (312) 558-5600
Fax: (312) 558-5700
RRothste@winston.com

<u>CERTIFICATE OF SERVICE</u>

I, Ronald Rothstein, hereby certify that a copy of the foregoing document was served on all counsel of record at the addresses below via first-class mail on this the 9th day of September, 2022.

<u>Counsel for Element TV Company, LP</u>

Matthew D. Provance
Mayer Brown
71 South Wacker Drive
Chicago, IL 60606

<u>Counsel for Plaintiff</u>

J. Dominick Larry
Nick Larry Law LLC
1720 W. Division St.
Chicago, IL 60622

/s/ *Ronald Y. Rothstein*